5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Henry Louis JACKSON, Petitioner-Appellant,
v.
O. Lane McCOTTER, Executive Director Utah Department of
Corrections; Tom House, Utah State Board of
Pardons, Respondents-Appellees.
 Nos. 92-4221, 93-4057.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This matter is before the court on petitioner Henry Louis Jackson's application for a certificate of probable cause. Case No. 92-4221 was initiated following dismissal of petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. 2254. Case No. 93-4057 was filed as an appeal from the district court's denial of petitioner's application for a certificate of probable cause in conjunction with appeal No. 92-4221. We address these appeals jointly.
 
 
 2
 A certificate of probable cause will issue only if petitioner can make a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 
 3
 Petitioner currently has pending before the Utah Court of Appeals an appeal from the state district court's denial of a petition for a writ of habeas corpus. Thus, under Rose v. Lundy, 455 U.S. 509 (1982), he has not yet exhausted his state law remedies. The time elapsed since petitioner's filing of that appeal April 27, 1992, is not so long as to violate due process under Harris v. Champion, 938 F.2d 1062 (10th Cir.1991). Therefore, petitioner must await a decision from the Utah Court of Appeals, and, if it is adverse, appeal that decision to the Utah Supreme Court, before he will have exhausted his state law remedies.
 
 
 4
 Because petitioner has failed to make a substantial showing of the denial of an important federal right, the application for a certificate of probable cause is DENIED, and the appeals are DISMISSED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3